IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL BRUCE WORLEY,

Plaintiff,

v.

P. JEAN FENDER, DAVIS & SONS
OIL COMPANY, STATE AUTO
PROPERTY & CASUALTY INSURANCE
COMPANY, and FEDERATED MUTUAL
INSURANCE COMPANY,

Defendants.                                            Case No. 13-cv-34-DRH-PMF

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

Plaintiff Michael Bruce Worley's second motion to remand is currently before the Court (Doc. 22, Memo. at Doc. 23). For the following reasons, the Court grants the motion and **REMANDS** this action to the Circuit Court of the Second Judicial Circuit, Wayne County, Illinois.

Defendant Federated Mutual Insurance Company (Federated) removed this action from the Circuit Court of the Second Judicial Circuit of Wayne County, Illinois. By way of background, the initially filed Wayne County complaint of plaintiff Michael Bruce Worley (Worley) brought suit against defendants P. Jean Fender (Fender), Davis & Sons Oil Company (Davis & Sons), State Auto Property

& Casualty Insurance Company (State Auto), and Federated. On May 12, 2011, while in Davis & Sons' employ and while performing duties associated with that employ, Worley was in a vehicle accident. He was operating a 2005 Freightliner FLD132 box truck; used exclusively for the purpose of transporting goods related to Davis & Sons' business (Doc. 30-1,¶¶ 6-7). Worley alleges Fender failed to yield at a stop sign, causing the accident (Doc. 2-2, p. 2, ¶¶ 3-7). State Auto insured Fender and her vehicle at the time of the accident, with purported liability limits of $100,000.00 per person injured (Doc. 20-1, ¶ 12).

Federated issued Davis & Sons a commercial auto insurance policy, Policy No. 9927104 (the Policy), effective from April 1, 2011, to April 1, 2012 (Docs. 29-3 and 30-2). The Policy provided commercial auto liability coverage with a limit of $1,000,000.00 (Doc. 2-2, p. 3, ¶ 16). The Policy also provided underinsured motorist insurance coverage. However, the Policy provides separate limits of underinsured motorist coverage to different categories of "insureds." Specifically, $500,000.00 for directors, officers, partners, and owners of Davis & Sons and $40,000.00 for everyone else qualifying as an "insured" under the Policy, such as Worley (Doc. 30-2, pp. B71, B72, B74, B75, and B76).

Worley filed his initial complaint in Wayne County on August 10, 2012. Worley's initial Count I, Declaratory Judgment, alleged the following:

Fender was an underinsured motorist as defined under the Policy and Illinois law. State Auto offered Worley the limits of its liability coverage in exchange for a release. Worley informed Federated of this settlement offer.

Worley demanded coverage under the Policy from Federated. Federated failed to acknowledge Worley's demands. The Policy's differing underinsured motorist benefit limits based on "classes of insureds" are void as they are in violation of Illinois public policy. Further, Federated failed to properly advise Davis & Sons as to the underinsured motorist coverage in violation of 215 ILCS 5/143a & a-2. (Doc. 2-2, pp. 3-4).

Thus, Worley's Count I seeks a declaratory judgment against Fender, Davis & Sons. State Auto, and Federated, "reforming [the Policy] so that it provides underinsured motorist benefits to [Worley] with limits of $1,000,000.00 and further ordering [Federated] to participate in a binding arbitration of [Worley's] claims for underinsured motorist benefits pursuant to the terms of said insurance policy" (Doc. 2-2, p. 5). Additionally, Worley brought Count II, Vexatious Practices, against Federated; Count III, Unpaid Vacation, against Davis & Sons; and Count IV, Unpaid Commissions, against Davis & Sons (Doc. 2-2, pp. 5-7; *see also* Doc. 34, Amended Complaint).

On December 11, 2012, the Wayne County Circuit Judge entered an order dismissing Counts III and IV of Worley's complaint, with prejudice, pursuant to Worley and Davis & Sons' stipulation. The order states, "[n]othing in this order affects any claim stated in Counts I and II of [Worley's] Complaint or that could arise from the allegations in Counts I and II" (Doc. 2-3).

The dismissal order prompted Federated's removal of this action to this Court (Doc. 2). Federated alleges Worley, Davis & Sons, and Fender are all

Illinois citizens. Federated alleges it is a Minnesota corporation with its principal place of business in Minnesota (Doc. 20).

After the filing of Federated's amended notice of removal, Worley filed its renewed motion to remand (Doc. 22). Thereafter, the parties filed their cross-motions for summary judgment (Docs. 29 and 30). Finally, after the parties filed their cross-motions, Worley filed, with Magistrate Judge Frazier's leave and without objection by Federated, an amended complaint on August 21, 2013, which adds allegations to Count I (Doc. 34).

## II. LAW AND APPLICATION

### i. Worley's Second Motion to Remand (Doc. 22)

Worley moves to remand this action under 28 U.S.C. § 1447, arguing this Court does not have subject matter jurisdiction. Worley argues that because Fender and Davis & Sons are citizens of Illinois, complete diversity does not exist. *See* 28 U.S.C. § 1332. Alternatively, Worley states this Court should decline to exercise jurisdiction over this case as it involves questions of Illinois insurance law and public policy that Illinois courts have not yet addressed.

Federated responds that Worley (an uncontested citizen of Illinois) and Federated (an uncontested citizen of Minnesota) are the only "real parties in interest" in this dispute and thus the citizenship of Fender, Davis & Sons, and State Auto are disregarded in determining whether complete diversity exists. And further, the consent of Fender, Davis & Sons, and State Auto was not required to

properly remove this action. Alternatively, Federated argues that even if this Court were to find Davis & Sons a "real party in interest," it should realign Davis & Sons' interests with that of Worley. As to Worley's request that this Court decline jurisdiction, Federated argues there is no reason for this Court to so abstain.

The federal removal statute, 28 U.S.C. § 1441, provides "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federated relies on 28 U.S.C. § 1332, diversity jurisdiction, which states, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--- citizens of different States." 28 U.S.C. § 1332(a)-(a)(1). The diversity statute requires "complete diversity," meaning "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). Federated, as the removing party, bears the burden of establishing this Court's jurisdiction. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).

The parties do not dispute that the amount in controversy requirement is met. Thus, the Court is left to resolve whether Worley's naming as defendants

Fender and Davis & Sons, which indisputably share the same citizenship as plaintiff Worley, in Count I, Declaratory Judgment, requires this Court to remand this action.[1]

The procedural requirements for removal are set forth in 28 U.S.C. § 1446(b). Federated relies on Section 1446(b)(3), which states if a case is not initially removable, a notice of removal may be filed within 30 days after receipt of a copy of the order from which it could be first ascertained that the case is removable. *See* 28 U.S.C. § 1446(b)(3). Federated states that the order entered by the State court on December 11, 2012, dismissing Counts III and IV against Davis & Sons, prompted the timely removal of this action, as the requirements of the diversity statute were not met until that time.[2]

Removal requires all defendants' consent, or an explanation as to why certain named defendants have not consented. *See* 28 U.S.C. § 1446(b)(2)(A); *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 368 (7th Cir. 1993) (overruled on other grounds by *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 540 (7th Cir. 2006)). For purposes of determining whether complete diversity exists, courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460-61 (1980) (citing *McNutt v. Bland,* 2 How. 9, 14, 11 L.Ed. 159

---

[1] Count II, Vexatious Practices, on its face solely seeks monetary damages against Federated.
[2] Under Section 1446, a case may not be removed pursuant to diversity jurisdiction more than one year after the action is commenced. 28 U.S.C. § 1446(c)(1). The Court notes that because this action was initially commenced in Wayne County, Illinois, on August 10, 2012, its removal does not violate this one-year limitation.

(1844)). Thus, "a party isn't permitted to destroy federal diversity jurisdiction by naming as a defendant someone against whom he does not seek relief." *R.C. Wegman Constr. Co. v. Admiral Ins. Co.,* 629 F.3d 724, 726 (7th Cir. 2011).

The Seventh Circuit has characterized the requirement that all defendants consent as applicable "only [to] indispensable defendants . . . the consent of nominal or formal parties is not necessary." *Ryan v. State Bd. of Elections of State of Ill.,* 661 F.2d 1130, 1134 (7th Cir. 1981) (quoting *First National Bank of Chicago v. Mottola,* 302 F. Supp. 785, 790–91 (N.D. Ill. 1969)). An indispensable party is one in whose absence the case cannot proceed. *R.C. Wegman,* 629 F.3d at 726. The Seventh Circuit has further stated, "[a] defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Shaw,* 994 F.2d at 369. In determining the "real party in interest," courts are to, "reference [] the essential nature and effect of the proceedings." *Adden v. Middlebrooks,* 688 F.2d 1147, 1150 (7th Cir. 1982). "It is appropriate for a federal court to consider state law as a factor in determining . . . the real party in interest." *Id.* at 1152.

In light of the parameters recited above, the Court finds the following recent statements of the Fourth Circuit in *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.,* 736 F.3d 255, 260 (4th Cir. 2013), practically informative:

> All these tests—in discussing indispensable parties, necessary parties, or what removing parties must show about non-consenting parties—may provide useful insights but they have strayed from the fundamental inquiry. They over-massage what ought to be a straightforward examination of the meaning of the word "nominal" and the reasons for having the nominal party exception. Nominal means simply a party having no immediately apparent stake in the

litigation either prior or subsequent to the act of removal. In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way.

*Id.*

As Worley shares the same citizenship as Fender and Davis & Sons, the Court must first determine the "real parties in interest" to Count I. *Id.* at 460.

### 1. Fender and State Auto

As to Fender and State Auto, Federated states neither are alleged parties to the Policy nor do they have any rights or duties under the Policy. Federated notes Fender's only connection to the Policy is that she was involved in the accident that gave rise to Worley's claims under the Policy. State Auto is merely Fender's liability insurance carrier. Federated states that should the Court grant Worley's requested declaratory judgment, such a judgment would have no impact on the liability of Fender or State Auto vis-à-vis Worley.

As to Fender, Worley generically states that she is a "necessary party because it is her status as an underinsured motorist that triggered the coverage of the policy at issue." Worley does not even address State Auto's relation to his request.

The Court is in agreement with Federated. Fender and State Autos' relation to Worley's declaratory judgment action does not rise above that of nominal defendants. Worley does not cite case law demonstrative of a finding that Fender and State Autos' rights will be affected by judgment either for or against Worley.

Neither does Worley articulate an argument as to how the outcome of his request for reformation of the Policy would affect any rights or liability of Fender and/or State Auto. Worley's complaint alleges State Auto offered Worley the limits of its liability in return for a release of all causes of actions against Fender that Worley possesses as a result of the collision. Worley informs the Court he accepted State Auto's offer (Docs. 29, p. 4; 29-1, ¶ 14). Without resorting to unnecessarily creative legal scenarios, it appears a court could resolve Worley's declaratory judgment request without affecting the rights of Fender and/or State Auto in any reasonably foreseeable way as they have no real stake in the outcome of this litigation. Thus, the Court shall disregard the citizenship of Fender and State Auto in determining whether complete diversity exists among the parties.

### 2. Davis & Sons

In reliance on Illinois case law, Federated argues that Davis & Sons is not a "real party in interest" to this declaratory judgment action. *See Downen v. Country Mut. Ins. Co.*, 537 N.E.2d 445 (Ill. App. 1989); *West Bend Mut. Ins. Co. v. Salemi*, 511 N.E.2d 785 (Ill. App. 1987).

In *Downen*, the appellate court addressed the issue of "standing" in the context of a declaratory judgment action. The plaintiffs, mother and stepfather of a passenger injured in a vehicle collision, brought suit against the insurer alleging it violated the underinsured motorist provisions of the Illinois Insurance Code. The appellate court affirmed the dismissal of the plaintiffs' complaint, noting the complaint included no allegations that the plaintiffs suffered personal injuries to

themselves, "or injury to any substantive, or legally protected interest of their own." Thus, the plaintiffs lacked standing to sue. The fact the plaintiffs purchased the policy at issue was not enough to confer standing. *Downen,* 537 N.E.2d at 446.

In *Salemi,* the buyer of real property was named on a fire and casualty insurance agreement covering improvements on the land. A contract of sale clause endorsement was also issued naming the seller as an additional insured. When fire partially destroyed the improvements, the insurance company rejected the buyer's claim on suspicion of arson. *Salemi,* 511 N.E.2d at 786.

The buyer brought a breach of contract action against the insurance company. The seller made a separate claim under the insurance policy. The declaratory judgment action at issue in *Salemi* was brought by the insurance company against both the buyer and seller in a county separate from the buyer's breach of contract claim. The trial court dismissed the buyer as a party from the declaratory judgment action in light of the buyer's previously filed contract suit against the insurance company. *Id.* at 790-91.

The appellate court noted that the buyer's breach of contract suit and the insurance company's request for a declaration of rights constituted the "same cause" between the "same parties" and thus warranted dismissal of the buyer. *Id.* at 791 (citing 735 ILCS 2-619(3)). Further, the buyer was not a necessary and indispensable party to the declaratory judgment action. The matter "actually litigated" was the seller's right to recover under the insurance contract. As the

buyer and seller had separate and distinct interests under the contract, the buyer's presence was not necessary to protect her interests under the contract. *Id.* at 792.

Federated feels the instant case is analogous to those cited above and thus argues that Davis & Sons' rights would not be affected by a declaratory judgment reforming the Policy. The Court does not agree. Davis & Sons was first issued the Policy at issue in 2004 and renewed it annually. Worley seeks a ruling of this Court reforming the underinsured motorist limits to equal the bodily injury limits of $1,000,000.00. While Worley's amended complaint is brought only on behalf of himself, Federated has not demonstrated that such a ruling would not also impact Davis & Sons' rights under the Policy.

The "split" limits provisions apply, under the current state of the Policy, to Davis & Sons' "directors, officers, partners or owners of the named insured and family members who qualify as insureds," as well as to, "any other person who qualifies as an insured" (Doc. 29-5). Thus, a judgment in this case could determine underinsured motorist coverage for Davis & Sons' directors, officers, partners, and other insureds under the Policy. As Worley points out, a judgment in Worley's favor could result in coverage different than that "acquiesced" to by Davis & Sons. This is not an issue of "standing" as in *Downen*. And it is not an issue of two individuals seeking recovery for their separate and distinct damages as in *Salemi*. Worley, an insured under the Policy due to his status as an employee of Davis & Sons, seeks to have whole provisions of the Policy, entered

into between Davis & Sons and Federated, declared void as a matter of law. Federated has not sufficiently demonstrated that Davis & Sons' interest in this declaratory judgment action does not rise above that of a nominal defendant.

Finally, Federated argues that even if Davis & Sons is a real party in interest, Davis & Sons' and Worley's interests are not adverse because reformation would result in increased benefits to all insureds under the Policy. Thus, Davis & Sons should be realigned as a plaintiff.

In the Seventh Circuit, "a mere mutuality of interest" does not sufficiently justify realignment of the parties. *Wolf v. Kennelly,* 574 F.3d 406, 413 (7th Cir. 2009) (citing *Amer. Motorists Ins. Co. v. Trane Co.,* 657 F.2d 146, 151 (7th Cir. 1981)). "Realignment is only proper where there is no actual, substantial conflict between the parties that would justify placing them on opposite sides of the suit." *Id.* (internal quotations omitted).

In this case, Federated has not met its burden of proving no "actual, substantial conflict" existed between Worley and Davis & Sons at the time of removal. Federated states Davis & Sons' purpose in carrying a higher amount of underinsured and uninsured motorist coverage for directors, officers, and owners is that these individuals are not covered under an employer's workers' compensation policy, while others employees, such as Worley, have such coverage. Without commenting on the merits of the dispute, these "split" provisions undoubtedly impacted Davis & Sons' premiums under the Policy. Thus, it does not seem to necessarily follow that a judgment reforming the Policy

would mutually benefit both Worley and Davis & Sons, even if "mutuality of interest" were the applicable standard.

Federated also cites Worley's separate State suit filed in Wayne County, Illinois against Davis & Sons, alleging Davis & Sons' failure to inform him of the $40,000.00 underinsured limit under the Policy was in bad faith and breached a fiduciary duty (*See* Docs. 23-1 and 28). Again, Worley's filing of this suit does not demonstrate that, "no actual, substantial conflict between the parties" existed at the time of removal and that realignment is thus proper. Accordingly, Federated has not met its burden of proving by a preponderance of the evidence that jurisdiction exists.[3]

### III. CONCLUSION

For the reasons stated above, Worley's second motion to remand is **GRANTED** (Doc. 22). Thus, this case is **REMANDED** in its entirety to the Circuit Court of the Second Judicial Circuit, Wayne County, Illinois.

**IT IS SO ORDERED.**

Signed this 21st day of January, 2014.

Digitally signed by David R. Herndon
Date: 2014.01.21
11:37:11 -06'00'

**Chief Judge**
**United States District Court**

---

[3] As Federated has not met its burden of demonstrating complete diversity exists among the parties, the Court does not address Worley's alternative argument that the Court should decline jurisdiction over the declaratory judgment action.